David W. Murrills
Schlehofer Law Offices, P.C.
2900 Boniface Parkway, Suite 200
Anchorage, AK 99504
Telephone: (907) 344-3434
Facsimile: (907) 349-1687
E-mail: davidm@schlawoffice.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| RAVEN L. MOONEY as father and next friend of C.M., a minor, <br><br> Plaintiff, <br><br> vs. <br><br> United States, <br><br> Defendant. | Case No. 5:16-cv-_____ <br><br><br> **COMPLAINT** |

COME NOW the Plaintiff by and through her attorney, SCHLEHOFER LAW OFFICES, P.C., and states as follows:

**I. JURISDICTION**

1. Raven L. Mooney and his minor daughter C.M., were at the time of the subject incident, residents and citizens of the State of Alaska residing in in Hydaburg, Alaska. The Mooney family presently resides in Kent, Washington.

2. All of the events set forth in this Complaint took place within Hydaburg, Alaska (near Ketchikan).

3. Rodney P Kinney Associates, Inc. (hereinafter "RPK") is an Alaska Corporation, which performs construction activities within the State of Alaska.

4. Hydaburg Cooperative Association (hereinafter "HCA") is a business licensed by the State of Alaska, and chartered as a corporation by the Federal Government, and acts as the "business arm" of the tribal entity. Herein below, HCA also includes Defendant United States.

5. HCA is covered by the Federal Tort Claims Act for its actions and inactions alleged herein below.

6. HCA does not have tribal sovereign immunity; or in the alternative, HCA had previously waived tribal sovereign immunity for the subject construction project that is the subject of this lawsuit.

7. Plaintiff previously filed suit against RPK and HCA in Alaska state court (1KN-15-000187 CI). That lawsuit was just recently removed to Federal Court by HCA, pursuant to the Federal Tort Claims Act. The related case is 5:16-cv-00001-RRB.

8. While demand has been made by HCA for the U.S. Government to step in and defend HCA that action has not yet occurred.

9. By letter dated February 17, 2016, the U.S. Government, U.S. Dept. of Transportation, Federal Highway Administration, denied Plaintiff's FTCA Claim for damages, injury or death, Standard Form 95, previously submitted on November 25, 2015, for claims asserted against HCA. It its February 17, 2016 letter, the denial of the claim was back

COMPLAINT
Mooney v. U.S., 5:16-cv-_____
Page 2 of 7
Case 5:16-cv-00003-HRH   Document 1   Filed 05/13/16   Page 2 of 7

Schlehofer Law Offices, P.C.
2900 Boniface Parkway, Suite 200
Anchorage, Alaska 99504
Tel (907) 344-3434   Fax (907) 349-1687
frankj@schlawoffice.com
davidm@schlawoffice.com

dated until November 19, 2015 (such that Plaintiff had six months from November 19, 2015 to bring suit against the U.S. Government). See **Exhibit A**, attached hereto.

10. Raven Mooney is the natural father of the minor child C.M. He is bringing a claim on behalf of his daughter for her injuries.

11. At the time C.M. was injured on April 23, 2014, she was 7-years-old.

12. Venue is proper in the U.S. District Court for the District of Alaska because Plaintiff's injuries resulting from the actions and inactions of HCA, an entity covered by the FTCA, and Plaintiff is seeking damages in excess of $75,000.00.

13. On April 23, 2014, C.M. along with her brother and several other neighborhood children were riding around their neighborhood when they came upon the concrete forms that were "curing" outside and stacked crosswise approximately 8-10 feet high like "lincoln logs".

14. These concrete forms were to be used at a new boat ramp on the other side of town as part of a floating dock replacement project ("Hydaburg Harbor Trestle, Tidal Grid, and Boat Launch Project").

15. Upon information and belief, RPK and/or HCA were responsible for on-site construction management, which included the manufacture, storage, and transportation of

COMPLAINT
Mooney v. U.S., 5:16-cv-_____
Page 3 of 7

Schlehofer Law Offices, P.C.
2900 Boniface Parkway, Suite 200
Anchorage, Alaska 99504
Tel (907) 344-3434 Fax (907) 349-1687
frankj@schlawoffice.com
davidm@schlawoffice.com

these concrete forms from where they were manufactured and eventually transported several miles away to the Hydaburg Boat Launch construction site.

16. These construction materials were not properly fenced in and thus, children (including Plaintiff) had unrestricted access to this area which posed an unreasonable risk of injury to them. These concrete forms were fabricated at the City of Hydaburg/HCA Shop, and could have been stored outside, directly across the street from the shop in a fenced storage area or other suitable location where access was restricted to the public and more particularly children. Instead, the concrete forms were transported several blocks farther away in an open un-fenced neighborhood area.

17. While climbing on these curing concrete forms, Plaintiff fell breaking her left knee and leg. She was medevac'd to Ketchikan due to her injuries, where she underwent surgery to her left leg.

## II. CLAIMS UNDER ALASKA LAW

18. Plaintiff incorporates by reference the statements above.

19. Defendant United States (HCA) knew, or should have known, that children would be attracted to and otherwise play in and around the area of stored and stacked concrete forms.

Schlehofer Law Offices, P.C.
2900 Boniface Parkway, Suite 200
Anchorage, Alaska 99504
Tel (907) 344-3434   Fax (907) 349-1687
frankj@schlawoffice.com
davidm@schlawoffice.com

20. Defendant United States (HCA) knew, or should have known, that by creating the stack of concrete forms and not storing them inside an existing fenced storage yard and/or erecting temporary fencing around them, that children would naturally be attracted to these areas and play on them, creating an unreasonable risk of injury to the children, including Plaintiff.

21. Defendant United States (HCA) was negligent and breached its common law duty of care, their duty as a landowner and/or project manager, and their duty to children, as the entity in control or possession of land with an attractive climbable stack of concrete forms on it. HCA was negligent by its actions and inactions (including vicarious liability for the actions and inactions of its employees and agents) which includes but is not limited to: a. failing to have a safety plan in place and follow it regarding to proper and safe storage of construction materials stored in a non-commercial residential neighborhood, b. failing to erect barriers or fences to separate children from any construction material storage activities and hazards, along with warning signs; c. creating or allowing artificial concrete form stacks in a residential neighborhood; and d. failing to inspect the concrete form storage area for hazards and eliminate such hazards.

COMPLAINT
Mooney v. U.S., 5:16-cv-_____
Page 5 of 7

Schlehofer Law Offices, P.C.
2900 Boniface Parkway, Suite 200
Anchorage, Alaska 99504
Tel (907) 344-3434   Fax (907) 349-1687
frankj@schlawoffice.com
davidm@schlawoffice.com

22. Defendant United States' (HCA) actions and inactions was a proximate cause of the injuries and damages to minor Plaintiff.

23. The actions and inactions of Defendant United States (HCA) are subject to the FTCA, and as such the proper named defendant is the United States, more specifically the Department of Transportation, Federal Highway Administration and/or the Department of the Interior (whom was the governmental entity that funded this particular project).

### III. DAMAGES

24. Plaintiff incorporates by reference the statements above.

25. As a proximate result of the conduct of Defendant United States (HCA) mentioned above, and other conduct to be discovered, Plaintiff has suffered injuries and damages which have resulted in or may result in:

    (a) Past and future pain and suffering;

    (b) Past and future mental anguish;

    (c) Past and future medical expenses;

    (d) Past and future disfigurement and physical impairment;

    (e) Past and future inconvenience;

    (f) Impairment of earning capacity;

Schlehofer Law Offices, P.C.
2900 Boniface Parkway, Suite 200
Anchorage, Alaska 99504
Tel (907) 344-3434  Fax (907) 349-1687
frankj@schlawoffice.com
davidm@schlawoffice.com

(g) Loss of enjoyment of life and diminished ability to enjoy other physical pursuits;

(h) Past and future non-economic losses;

WHEREFORE, Plaintiff prays for judgment as follows:

1. Compensatory damages as pled under the FTCA Form 95 in the amount of $15,000,000, the exact amount to be more specifically determined at trial;

2. Medical and incidental expenses;

3. Damages for pain and suffering and other damage items mentioned above;

4. Costs of suit;

5. Attorney's fees pursuant to Alaska Civil Rules;

6. Pre-judgment interest;

7. Such other and further relief as the court deems just and proper.

DATED at Anchorage, Alaska this 13th day of May, 2016.

SCHLEHOFER LAW OFFICES, P.C.
Attorneys for Plaintiff

By: /s David W. Murrills
David W. Murrills
ABA Bar No. 9306034
Attorneys for Plaintiff

Schlehofer Law Offices, P.C.
2900 Boniface Parkway, Suite 200
Anchorage, Alaska 99504
Tel (907) 344-3434   Fax (907) 349-1687
frankj@schlawoffice.com
davidm@schlawoffice.com